IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

FELICIA MCFARLAND,

PLAINTIFF,

CIVIL ACTION
JURY DEMANDED

Case No.

UNIVERSITY OF TENNESSEE HEALTH
SCIENCES CENTER, and
WENDY M. LIKES, in her individual and official capacities,

DEFENDANTS.

## COMPLAINT

COMES NOW Plaintiff Felicia McFarland, by and through undersigned counsel, and for her causes of action against Defendants University of Tennessee Health Science Center ("UTHSC"), and the Dean of its College of Nursing, Wendy, M. Likes, Ph.d. ("M. Likes"), and states as follows:

### NATURE OF THE ACTION

1. This is a claim for declaratory and injunctive relief and damages brought under the Rehabilitation Act of 1973, 29 U.S.C. § 794, in particular, as well as Title II of the Americans with Disabilities Act, 42 U.S.C. § § 12101 *et. seq.* ("ADA"), and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 ("Section 1983") and 1988, Plaintiff seeks a preliminary injunction, and declaratory and permanent injunctive relief in addition to damages.

### PARTIES

2. Plaintiff, Felicia McFarland, is a resident of Memphis, Tennessee.

3. Defendant, UTHSC, is part of a state wide public college system and operates several colleges, including the College of Nursing. The College of Nursing has a Doctor of Nurse Practitioner ("DNP") program with a concentration in Nurse Anesthesia. Defendant is located at 920 Madison Avenue, Memphis, Tennessee 38163 and it may be served with process by serving the Attorney General of the State of Tennessee at 425 Fifth Avenue North – 2nd Floor, Nashville, Tennessee 37243.

4. Wendy M. Likes is the Dean of the College of Nursing at UTHSC. She may be served with process at 920 Madison Avenue, Suite 1045, Memphis, Tennessee 38163.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under the Rehabilitation Act of 1973, 29 U.S.C. § 794, in particular, as well as Title II of the Americans with Disabilities Act, 42 U.S.C. § § 12101. *et. seq*. ("ADA"), and 42 U.S.C. § 1983.

6. The unlawful practices alleged in this Complaint occurred in Shelby County, Tennessee. Accordingly, venue lies in the United States Court for the Western District of Tennessee, under 28 U.S.C. § 1391(b). UTHSC is a corporation doing business in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## FACTS

7. Plaintiff is a registered nurse, who worked for over twenty-four (24) years in her field before enrolling in a UTHSC program in 2015.

8. She holds a bachelor's degree in nursing and is a Registered Nurse and has a Masters of Healthcare Administration. For the majority of her career she has been successfully employed as an intensive care unit nurse.

9. Plaintiff was diagnosed with Asperger's syndrome[1] shortly prior to her enrollment at UTHSC. She has suffered from said disability for her entire life but was able to cope with her condition undiagnosed and without formal accommodation or supports for her entire career.

10. Plaintiff was accepted to the UTHSC Doctor of Nursing Practice - Nurse Anesthesia ("CNRA") program within the College of Nursing and begin attending UTHSC in January of 2015.

11. Plaintiff had a 3.93 GPA and was scheduled to graduate with a Doctorate of Nursing Practice – CNRA degree - in May of 2018 and had received exemplary evaluations during her course at UTHSC until on or about June 6, 2017.

12. Plaintiff's Summative Semester Evaluation for the spring semester of 2015, signed May 15, 2017, states that she met all evaluation criteria, including positive communication skills and professionalism, and that she had no weaknesses. In fact, it was reported that Plaintiff "had transitioned from [the] classroom to clinical [setting] and is excelling."

13. Plaintiff received an email on either June 6 or June 7, 2017, from the Associate Director of the DNP program, Dr. Dabney, regarding a report of unprofessional conduct made against her by Dr. Charlie Weeden during her neurology rotation. However, Dr. Dabney concluded the email by stating that she was informing Plaintiff of the incident and that the school "considered the matter closed" and expected professional conduct from Plaintiff in the future.

---

[1] "Asperger's Syndrome," Plaintiff's diagnosis, is the former clinical term and present colloquial term for one or both of two distinct diagnoses that are now classified as "Autism Spectrum Disorder - Level 1" and "Social (Pragmatic) Communication Disorder" under the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders, 5th Ed.* These disorders are characterized by difficulty in communications, especially understanding ambiguity, deficits in social conversation, deficits in understanding the context of communication, and deficits in social behavior that is perceived as odd. Accommodations and supports are clinically recognized methods of addressing both disorders. Because Plaintiff's diagnosis was originally made under the older *DSM-IV* criteria, Plaintiff uses the term "Asperger's Syndrome" throughout this Complaint.

3

14. On or about June 8, 2017, without any former disciplinary action or notice, Plaintiff was asked to leave her clinical rotation at approximately 3:00 p.m. and was advised not to return to any clinical rotations until further notice.

15. According to the UTHSC College of Handbook for 2016-2017 ("Handbook") the following processes are to be followed regarding student evaluation and discipline during Clinical Practica:

> **Clinical Practica Policies (14)(e).** The Nurse Anesthesia Faculty will review evaluations by clinical facility on a weekly basis. Students will be notified of patters of difficulty in meeting behavioral outcomes. A plan for improvement will be developed with scheduled meetings for evaluation.
> . . .
> **Clinical Practica Policies (14)(h).** Any student removed from a Clinical Experience must have a counseling session with Nurse Anesthesia Faculty within 36 hours and a plan of action for remediation, clinical warning, clinical probation, or clinical dismissal must be identified at that time.
>
> **Clinical Practica Policies (19)** The clinical preceptor must notify the nurse Anesthesia Faculty of patterns of difficulty. Faculty, Preceptor and Student and then specify areas of remediation through behavioral outcomes in a written agreement.
>
> **Student Clinical Performance Policy (III)(B)(5)** If arbitration over an evaluation is requested by either the student, the instructor, the Director, or Assistant Director, a time for arbitration shall be scheduled as soon as possible with either one of the people presiding. During arbitration an action plan may be decided upon to encourage and promote success of the student, if needed. If an action plan is needed there will be a follow up meeting scheduled four weeks from the date of the original arbitration. Student progress will be monitored during this four week time period. . . . .

16. UTHSC additionally maintains policies for the separate documentation of any clinical occurrence that potentially impacts patient safety.

17. No such clinical occurrence documentation was ever created regarding any incident involving Plaintiff.

18. The UTHSC "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" states, in pertinent part, as follows:

> (C) The following procedures **shall apply** to each component:
>
> 1) Practicum: Students shall meet the stated objectives for their current clinical course rotation or affiliation.
>
>    a. Students that fail to maintain a passing grade may be placed on clinical probation. Re-evalutaion **will be done at 4 weeks**.
>    b. Failure to resolve clinical probation by the end of 4 weeks shall result in review by the Nurse Anesthesia Faculty with recommendation for continued probation/suspension or failure.
>    c. Failure to pass continued probation shall result in failure of the course.
>    d. The Progressions Committee will determine if the student is allowed to remain in the Nurse Anesthesia Concentration.
>    e. Students that pass continued probation **shall be allowed to proceed provided that the student has passed all other components of the Practicum Course.**
>    f. Patient safety issues that arise during clinical experiences can result in immediate dismissal without probation.

(emphasis added)

19. Plaintiff was not offered a review of her evaluations by clinical faculty, nor was she given a counseling session after she was removed from a clinical rotation on June 8, 2017. Furthermore, she was never advised of any patterns of difficulty with specified areas of remediation.

20. Plaintiff was never cited for a patient safety issue that arose during a clinical experience.

21. Plaintiff was cited only for "demonstrating serious deficiencies in personal or professional behavior" and failing to "maintain effective relationships and interact appropriately with other professionals," notably predicated entirely on the complaints of a single preceptor evaluation out of sixty-seven daily evaluations.

5

22. Plaintiff was never placed on the required four-week clinical probation.

23. Plaintiff received a letter on June 15, 2017, from the UTHSC Associate Dean of Academic Affairs, providing her with a first-time notification of her pending dismissal from the DNP Program in the College of Nursing due to "demonstrating serious deficiencies in personal or professional behavior" and "failing to maintain effective relationships and interact appropriately with other professionals." The letter further said that "faculty in the Nurse Anesthetist concentration provided documentation submitted by her preceptors that substantiate a lack of meeting the above highlighted behaviors in a clinic setting." Plaintiff was given five (5) days to appeal said decision and provide source documents relevant to her appeal.

24. Plaintiff was given no pre-dismissal hearing.

25. On June 20, 2017, Plaintiff filed her notice of her intent to appeal the pending decision.

26. Plaintiff had to request her file from Defendant to see the documentation submitted by the preceptors on which the proposed dismissal was allegedly based, along with all of her evaluations, as she had not received any prior notice as required by the Handbook.

27. Plaintiff was ultimately able to review her daily preceptor evaluations and the evaluations evidenced that she was able to effectively communicate with all individuals influencing patient care, exhibited dignity and respect when communicating with all individuals, used appropriate verbal, non-verbal and written communication in the delivery of peri-anesthetic care. She received 66 positive evaluations with no areas of unmet performance goals. She only received one evaluation, from Dr. Charles Weeden, in which she did not meet the criteria regarding communicating about patient care. Plaintiff was not allowed to make copies of the evaluations to

take the hearing. As such, she could not submit said evaluations as proof at the first Progressions Committee hearing.

28. On June 26, 2017, Plaintiff advised two of her advisors that she suffered from Asperger's syndrome.

29. Plaintiff was first given an opportunity for a hearing on June 28, 2017.

30. At the Progressions Committee hearing on June 28, 2017, Plaintiff advised the committee that she suffered from Asperger's Syndrome and again requested reasonable accommodations as a result of this disability, and asked for an improvement plan, weekly counseling sessions, or any other form of rehabilitative action the Progressions Committee saw fit rather than a dismissal from the program.

31. On June 29, 2017, Plaintiff attempted to provide the Progressions Committee with documentation of her medical condition from her clinical psychologist but was instructed that UTHSC would not review same.

32. Plaintiff was advised that she was not allowed to have counsel appear at the Progressions Committee Hearing or submit any information on her behalf.

33. Despite Plaintiff's efforts to raise the issue of her right to probation, accommodations, and her various other substantive and procedural rights set forth in the student handbook, The Progressions Committee did not consider any of these issues.

34. On June 29, 2017, Plaintiff received a letter from the Dean of the College of Nursing stating that it was the decision of the College of Nursing to uphold the dismissal as she "demonstrated serious deficiencies in personal or professional behavior."

35. On July 3, 2017, Plaintiff submitted her appeal to the Chancellor of UTHSC in writing and had an in-person meeting with the Vice-Chancellor on July 5, 2017, to plead her case

to UTHSC, including seeking an accommodation for her disability and being provided an opportunity for remediation.

36. A second Progressions Hearing was held without notice to Plaintiff on or about July 12, 2017, and the committee upheld the decision of UTHSC to dismiss Plaintiff.

37. Plaintiff was not afforded any opportunity to present evidence.

38. On July 18, Plaintiff disclosed to the SASSI disability coordinator that she suffered from Asperger's syndrome and again asked for reasonable accommodations.

39. Plaintiff was denied access to any reasonable accommodations as a result of her disability.

40. On July 19, Plaintiff received a letter from UTHSC Dean of the College of Nursing stating that UTHSC was upholding its decision to dismiss her and would not consider her report of a disability and request for accommodation as it was not made prior to her first meeting with the Progressions Committee.

41. Plaintiff was terminated from the program and has been unable to find employment and has substantial student loan debt as a result of her dismissal from the UTHSC program.

42. Because of Plaintiff's termination from the program without disability accommodations, the opportunity for an interactive accommodations process, clinical probation, review of her clinical probation performance by the Nurse Anesthesia Faculty, the opportunity for continued probation, the review of any continued probation by the Progressions Committee Plaintiff was deprived of the opportunity to demonstrate that she could function in the Nurse Anesthesia Concentration with appropriate accommodations.

## COUNT ONE
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

43. Plaintiff restates and realleges paragraph 1 through 42 above, as if fully set forth herein.

44. UTHSC is a recipient of federal funds and its programs are covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b)(2)(A).

45. Plaintiff is a person with a disability as defined by the Rehabilitation Act.

46. Plaintiff, with or without reasonable accommodations, is otherwise qualified to be a student in the DNP Nurse Anesthesia Program within the College of Nursing at UTHSC.

47. The refusal of UTHSC to provide reasonable accommodations to Plaintiff as a result of her having a disability denied Plaintiff the ability to pursue her education by excluding her for participation in, or from being denied the benefits of, or being subjected to discrimination solely by reason of her disability. The failure to accommodate is in violation of 29 U.S.C. § 794.

48. As a result of UTHSC's actions, Plaintiff has been unnecessarily precluded from obtaining her degree; she has suffered a serious financial loss due to the student loan related debt she has incurred; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life, and has suffered other non-pecuniary losses.

## COUNT TWO
## VIOLATION OF THE AMERICAS WITH DISABILITIES ACT

49. Plaintiff restates and realleges paragraph 1 through 48 above, as if fully set forth herein.

50. Defendant UTHSC is a public entity as defined by 42 USC § 12131(1)(B).

51. Plaintiff is a qualified individual with a disability as defined in 42 USC § 12131(2).

52. Plaintiff's Asperger's diagnosis caused her to be disabled within the definition of "disability" contained in 42 USC § 12102.

53. Plaintiff met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by UTHSC at all times relevant to the Complaint.

54. As a direct result of her disability, Plaintiff was excluded for participation in or denied the benefits of the services, programs, or activities of UTHSC, or subjected to discrimination by UTHSC.

55. Defendant UTHSC intentionally discriminated against Plaintiff in violation of the ADA by its failure to provide her with reasonable accommodations.

56. As a result of UTHSC's actions, Plaintiff has been unnecessarily precluded from obtaining her degree; she has suffered a serious financial loss due to the student loan related debt incurred; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life, and has suffered other non-pecuniary losses.

57. Defendant UTHSC's discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiff's federally protected right to be free from disability.

## COUNT THREE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1983 BY UTHSC

58. Plaintiff restates and realleges paragraph 1 through 57 above, as if fully set forth herein.

59. Plaintiff had an established property right in the application of the mandatory probation procedures set forth in the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" that required her placement on academic probation prior to review by the Nurse Anesthesia Faculty.

60. Plaintiff had a further property right in the application of the mandatory probation review by the Nurse Anesthesia Faculty set forth in the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" that required review of her performance on probation before she was advanced to a hearing before the Progressions Committee.

61. Plaintiff had a substantive due process right to continued enrollment free from arbitrary dismissal.

62. As alleged above, Defendant UTHSC, acting under color of state law, arbitrarily and capriciously deprived Plaintiff of these property interests without due process.

63. Plaintiff is entitled to declaratory and injunctive relief against UTHSC to compel her reinstatement in the academic program from which she was dismissed and mandating that UTHSC afford Plaintiff any and all rights and procedures afforded under the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy."

## COUNT FOUR
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1983 BY DEFENDANT LIKES

64. Plaintiff restates and realleges paragraph 1 through 63 above, as if fully set forth herein.

65. Plaintiff had an established property right in the application of the mandatory probation procedures set forth in the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" that required her placement on academic probation prior to review by the Nurse Anesthesia Faculty.

66. Plaintiff had a further property right in the application of the mandatory probation review by the Nurse Anesthesia Faculty set forth in the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" that required review of her performance on probation before she was advanced to a hearing before the Progressions Committee.

67. Plaintiff's property rights that are outlined in the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy" are of the sort that are "clearly established" in this Circuit because they arise directly from the "right to continued enrollment free from arbitrary dismissal" established by the Supreme Court in Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 223, 106 S. Ct. 507, 512 (1985).

68. As alleged above, Defendant Likes, acting under color of state law, arbitrarily and capriciously deprived Plaintiff of these property interests without due process.

69. As a direct and proximate result of Defendant Likes arbitrary and capricious deprivation of Plaintiff's substantive due process rights as set forth above, Plaintiff has suffered damages, both economic and non-economic, and is entitled to a remedy at law, as well as declaratory and injunctive relief against UTHSC to compel her reinstatement in the academic program from which she was dismissed and mandating that UTHSC afford Plaintiff any and all rights and procedures afforded under the "Anesthesia Practicum Failure Policy Probation/Suspension/Dismissal of Students Policy."

WHEREFORE, Plaintiff prays as follows:

A. For a judgement against Defendants in a fair and reasonable amount for the damages suffered by Plaintiff;

B. For past and future lost opportunities, wages, and consequential damages;

C. For declaratory, equitable and injunctive relief;

D. For pre- and post- judgment interest at the highest amount allowed by law;

E. For punitive damages;

F. For reasonable attorney's fees and suit expenses; and

G.      For any and all other relief to which she may be entitled, including, but not limited to the right to amend this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE
A Professional Corporation

By:    /s/Brice M. Timmons
        BRICE M. TIMMONS   #29582
        JANA DAVIS LAMANNA  #23619
        530 Oak Court Drive, Suite 360
        Memphis, Tennessee 38117
        (901) 762-0535 – telephone
        (901) 762-0539 – facsimile
        btimmons@blackmclaw.com
        *Attorneys for Plaintiff*